UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

LUIS JIMMY JAIME and JAVIER JAIME,    1:17-CV-08575 (PKC)

                                                     Plaintiffs,    Plaintiffs requests a trial by jury

       -against-

THE CITY OF NEW YORK, NEW YORK CITY, POLICE    **AMENDED**
DEPARTMENT, POLICE COMMISSIONER JAMES P. O'NEILL,    **COMPLAINT**
NYPD DETECTIVE MIKE CIVIL, NYPD CPT PASSOLO,
NYPD SGT BENJAMIN NELSON, NYPD DT WARREN,
NYPD DT ALGIERI, NYPD DT CARBONE,
NYPD DT SOFOKLES, NYPD DT CUCHIARRA,
NYPD DT BREINER, NYPD DT HALEY,
NYPD DT AMANDEEP KAUR, NYPD DT VAN PELT,
NYPD SGT YOUNG, NYPD DT ZAKIEWICZ,
NYPD DT RAMAYYA, NYPD DT CARLOS VELEZ, and
SGT DANIEL NICOLETTI,

                                                     Defendants.
-------------------------------------------------------------------------X

Plaintiffs, LUIS JIMMY JAIME and JAVIER JAIME, as and for their Complaint, by their attorney, KUBICK & ASSOCIATES, P.C., respectfully alleges, upon information and belief, as follows:

**JURISDICTION:**

1. That Jurisdiction is founded upon the existence of Federal Question.

2. That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to Plaintiffs by the First and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. sec. 1983) and arising under the law and statutes of the State of New York.

3. Jurisdiction is founded upon U.S.C. secs. 1331 and 1334(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to Plaintiffs by the First and Fourteenth Amendments to the Constitution of the United States.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of TEN MILLION ($10,000,000.00) DOLLARS.

**PARTIES:**

5. That the Plaintiffs are Citizens of the United States and residents of the County of Kings, City and State of New York.

6. That the defendant, The City of New York, was and still is a municipal corporation duly organized and existing under the Laws of the State of New York.

7. Upon information and belief, that at all times hereinafter mentioned, the defendant, The City of New York, its agents, servants, and employees operated, maintained and controlled the Police Department of the City of New York, a Department thereof, including all the police personnel thereof.

8. Upon information and belief, that at all times hereinafter mentioned, and prior, on and subsequent and continuing on or about January 24, 2017, NYPD Police Officers, NYPD DETECTIVE MIKE CIVIL, NYPD CPT PASSOLO, NYPD SGT BENJAMIN NELSON, NYPD DT WARREN, NYPD DT ALGIERI, NYPD DT CARBONE, NYPD DT SOFOKLES, NYPD DT CUCHIARRA, NYPD DT BREINER, NYPD DT HALEY, NYPD DT AMANDEEP KAUR, NYPD DT VAN PELT, NYPD SGT YOUNG, NYPD DT ZAKIEWICZ, NYPD DT RAMAYYA, NYPD DT CARLOS VELEZ, and SGT DANIEL NICOLETTI, were employed by The City of New York, as a police officer, detective, sergeant, lieutenant, captain and/or other ranks.

9. Upon information and belief, that at all times hereinafter mentioned, defendant James P. O'Neill, Commissioner of the Police Department of the City of New York was acting as Police Commissioner of The City of New York, and an employee of the City of New York.

10. Upon information and belief, that at all times hereinafter mentioned, the defendant James P. O'Neill, Commissioner of the Police Department of the City of New York was hired by The City of New York as Police Commissioner of the Police Department of The City of New York and designated as head of the police officers for the City of New York.

11. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

12. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York,

the City of New York and the County of New York, and under the authority of their office as police officers of said state, city and county

## FACTUAL BACKGROUND

13. On or about January 24, 2017 at approximately 4:30 a.m., about ten Police Officers did, enter the premises of, plaintiffs' apartment, located at 285 Throop Avenue, Apartment 1R, Brooklyn, New York 11206, detained and imprisoned Plaintiff LUIS JIMMY JAIME, and seized Plaintiffs', LUIS JIMMY JAIME and JAVIER JAIME, property, at or about said premises.

14. Upon seeing said police officers, said officers pointed their guns at plaintiff, LUIS JIMMY JAIME, at or about his head, said police officers threw said plaintiff to the ground face down, handcuffed him, picked him up by both arms, then told him to "sit down and shut up."

15. Plaintiff, LUIS JIMMY JAIME, requested the officers to loosen his handcuffs slightly because they were too tight. After about ten minutes, the officers did not loosen the handcuffs, and plaintiff's wrists had begun to swell and bruise.

16. Upon inquiring about the officers' presence, plaintiff, LUIS JIMMY JAIME, was told to "shut up, we have a warrant." However, said officers failed to show plaintiff said warrant, even upon request.

17. Plaintiff LUIS JIMMY JAIME remained handcuffed in the living room area of the apartment while the defendant police officers searched the rest of the home, for about one hour, and went into another room and closed the door of that room.

18. The officers demanded plaintiff, LUIS JIMMY JAIME, to give them the combination to a safe or to open the safe, which contained plaintiff's life savings. Plaintiff opened said safe for said defendant officers, and was told to leave the area.

19. The officer demanded plaintiff, LUIS JIMMY JAIME, to open a second safe in another area of the home, but plaintiff did not have the combination. Plaintiff heard several officers opening said safe with tools.

20. As plaintiff was leaving the area, plaintiff observed his mattress was lifted and/or shifted, and pushed against the mattress, when a defendant police officer struck plaintiff in the right side of his back with a closed fist and stated "don't touch motherfucker" as plaintiff was caused to be precipitated onto the door from the blow of the punch. Said officer was subsequently asked to leave the premises after striking plaintiff, LUIS JIMMY JAIME.

21. Plaintiff was then taken to the 79th Precinct and told he was being arrested. Upon asking the reason for his arrest, the defendant police officers did not tell him. Plaintiff LUIS JIMMY JAIME, remained in the jail cell for over four hours.

22. All of the monies in said safes and apartment were taken by the police officers and have yet to be returned.

23. Defendants confiscated approximately $6,000.00 of cash from Plaintiff LUIS JIMMY JAIME'S safe, and same was not returned.

24. Defendants confiscated approximately $47,000.00 of cash from Plaintiff JAVIER JAIME'S safe, and returned $34,378.00. The remaining $12,622.00 was never returned.

25. Upon plaintiffs' return home, they observed damaged or destroyed items, including their dressers, 24-inch television, Playstation Portable console, X-box video game console, video games, computer, damaged walls, damaged closet, musical jewelry box, safe box, clothes torn, shredded and destroyed during the defendants' use of tools to cut open a safe, clothes covered and stained with a liquid substance.

### AS AND FOR A FIRST CAUSE(S) OF ACTION ON BEHALF OF PLAINTIFF LUIS JAIME
### 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments

26. That Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "23" with the same force and effect as if more fully set forth herein.

27. Plaintiff LUIS JIMMY JAIME is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

28. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as New York City police officers and their acts or omissions were conducted within the scope of their official duties or employment.

29. At the time of the complained events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

30. Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

31. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

32. Defendants NYPD DETECTIVE MIKE CIVIL, NYPD CPT PASSOLO, NYPD SGT BENJAMIN NELSON, NYPD DT WARREN, NYPD DT ALGIERI, NYPD DT CARBONE, NYPD DT SOFOKLES, NYPD DT CUCHIARRA, NYPD DT BREINER, NYPD DT HALEY, NYPD DT AMANDEEP KAUR, NYPD DT VAN PELT, NYPD SGT YOUNG, NYPD DT ZAKIEWICZ, NYPD DT RAMAYYA, NYPD DT CARLOS VELEZ, and SGT DANIEL NICOLETTI actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

33. Defendants', NYPD DETECTIVE MIKE CIVIL, NYPD CPT PASSOLO, NYPD SGT BENJAMIN NELSON, NYPD DT WARREN, NYPD DT ALGIERI, NYPD DT CARBONE, NYPD DT SOFOKLES, NYPD DT CUCHIARRA, NYPD DT BREINER, NYPD DT HALEY, NYPD DT AMANDEEP KAUR, NYPD DT VAN PELT, NYPD SGT YOUNG, NYPD DT ZAKIEWICZ, NYPD DT RAMAYYA, NYPD DT CARLOS VELEZ, and SGT DANIEL NICOLETTI, actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Luis Jimmy Jaime's federally protected rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

34. Defendants, NYPD DETECTIVE MIKE CIVIL, NYPD CPT PASSOLO, NYPD SGT BENJAMIN NELSON, NYPD DT WARREN, NYPD DT ALGIERI, NYPD DT CARBONE, NYPD DT SOFOKLES, NYPD DT CUCHIARRA, NYPD DT BREINER, NYPD DT HALEY, NYPD DT AMANDEEP KAUR, NYPD DT VAN PELT, NYPD SGT YOUNG, NYPD DT ZAKIEWICZ, NYPD DT RAMAYYA, NYPD DT CARLOS VELEZ, and SGT DANIEL NICOLETTI, unlawfully seized Mr. Luis Jimmy Jaime by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Mr. Landau of his freedom.

35. The force used constituted deadly force in that it could have caused death or serious bodily injury, and did cause serious bodily injury.

36. None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant officers or from the excessive force of later responding officers despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable

and conscience shocking force of each other officer.

37. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Luis Jimmy Jaime's federally protected constitutional rights.

38. They did so with shocking and willful indifference to Plaintiff's right and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

39. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

40. These individual Defendants acted in concert and joint action with each other.

41. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

42. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

43. The Defendants to this claim at all times relevant thereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their action pertaining to Plaintiff.

44. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

45. That the Plaintiffs did not contribute in any way to the conduct of the defendants, their agents, servants and employees and was forced by the defendants to submit to the aforesaid excessive force thereto entirely against his will.

46. On information and belief, Plaintiff may suffer lost future earnings and impaired earning capacities from the not yet fully ascertained sequelae of his cervical and lumbar spine, left and right shoulder, right wrist and hand injuries, in amounts to be ascertained in trial.

47. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damage against each of the individually named Defendants under 42 U.S.C. § 1983 , in that the actions of each of these individual Defendants have been taken

maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

48. That by reason of the foregoing, Plaintiffs has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE(S) OF ACTION
### 42 U.S.C. § 1983 – Unreturned & Destruction of Property during lawful search

49. That Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "46" with the same force and effect as if more fully set forth herein.

50. On January 24, 2017, the defendants participated in executing a search warrant at the plaintiffs' aforesaid dwelling.

51. In the course of executing the said search warrant, the defendants unreasonably and unnecessarily destroyed large quantities of the plaintiffs' personal property and inflicted substantial, unreasonable and unnecessary damage upon the plaintiffs' property and upon the dwelling.

52. Each of the defendants either personally participated in such destruction or was present and able to prevent other officers from doing so but chose to take no action and instead to allow the said unlawful activity to take place to the plaintiffs' loss.

53. At all times mentioned herein, the defendants acted jointly and in concert with each other. Each defendant had the duty and the opportunity to protect the plaintiffs from the unlawful actions of the other defendants but each defendant failed and refused to perform such duty, thereby proximately causing the injuries herein complained of.

54. At all times mentioned herein, the defendants acted unreasonably or maliciously in bringing about damage to plaintiffs' property and the destruction of property exceeded what was necessary to effectuate said search warrant.

55. At all times mentioned herein, defendants have not returned the full sum of cash that was recovered from Plaintiff, JAVIER JAIME'S, safe to Mr. Javier Jaime.

56. At all times mentioned herein, defendants have not returned any sum of cash that was recovered from Plaintiff, LUIS JIMMY JAIME'S, safe to Mr. Luis Jimmy Jaime.

57. At all times mentioned herein, the defendants and each of them were officers in the New York Police Department, acting in their said capacities and under color of law.

58. At all times mentioned herein, the defendants were acting under color of law, that is, under

color of the constitution, statues, charter, laws ordinances, rules, regulations, customs and usages of the State of New York and the City of New York.

59. As a result of defendants actions, the plaintiffs have suffered economic losses and the loss or destruction of irreplaccable personal and real property.
60. In the manner described above, the defendants engaged in an unreasonable search and seizure in violation of the Fourth Amendment.
61. Plaintiffs did not commit any illegal act, either or at the time excessive physical force was used, and when property was detained and improperly returned, and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Sec.1983 and the Constitution of the State of New York.
62. The rights of the Plaintiffs under the Constitutions of the United States and State of New York have been violated, including those arising from the Fourth and Fourteenth Amendments to the Constitution of the United States of America.
63. That the aforesaid occurrence transpired as a result of said negligence of the defendants, without any negligence on behalf of the Plaintiffs.
64. That by reason of the aforesaid, Plaintiffs suffered the above-referenced damages.
65. That by reason of the foregoing, Plaintiffs has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

WHEREFORE, the Plaintiffs demands judgment against the defendants in the sum of TEN MILLION DOLLARS on each of the causes of action; TEN MILLION DOLLARS in compensatory damages and TEN MILLION DOLLARS in punitive damages.

Dated: New York, NY
       July 24, 2018

By: TONI KONG
KUBICK & ASSOCIATES, P.C.
32 Broadway, Suite 1514
NY, NY 10004
212.684.7541